IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICKKE L. GREEN, et al., | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| | )    CIV-05-461-L |
| v. | ) |
| | ) |
| JOHN WHETSEL, | ) |
| | ) |
| Respondent. | ) |

REPORT AND RECOMMENDATION

This Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 has been filed as a proposed class action by seven detainees, who proceed *pro se*, currently being held in the custody of the Oklahoma County Detention Center. Petitioners assert in the Petition that they have all been charged with various crimes by the State of Oklahoma and that they are seeking their "immediate release from their unlawful confinement." The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1] For the following reasons, it is recommended that the Petition be summarily DENIED and that the Petitioners' Application for Class Certification and Application for Appointment of Counsel be DENIED as moot.

---

[1] Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. §2241 habeas Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

1

Petitioners seek habeas relief on the ground that their Sixth Amendment right to counsel has been denied because of the failure of the State of Oklahoma to provide them with counsel at their "arraignments." Petitioners contend that although they were denied counsel at their state court "arraignments," the presiding judge falsely stated they were appointed counsel for said "arraignments." Petitioners refer to docketing entries on the docket sheets in their criminal cases in which the presiding judge "falsely write [sic]: 'Defendant present, in custody, and represented by Oklahoma County Public Defender, tentatively appointed. Arraignment held. Defendant waives reading of information and further time to plead. Defendant enters a plea of not guilty . . . .'" Petitioners allege that they are not physically present before the presiding judge at this arraignment but are in a small room at the Oklahoma County Detention Center, that no public defender actually represents them at this arraignment, that they do not waive any rights at this arraignment because "to speak at all at state arraignments results in the automatic increase or denial of bail," and that they are not given the opportunity to enter a plea although they concede that they are served with a copy of the criminal charges at this proceeding.

Petitioners contend that exhaustion of state remedies concerning this issue is futile because the state district judges "will not rule on pro se pleadings raising the issues set out herein," the court-appointed public defenders will not raise the issue, and the Oklahoma Court of Criminal Appeals will not address the merits of the claim where no written order has been entered by the state district judges.

Public records available on the world wide web, of which the undersigned takes judicial notice, reveal that the Petitioners have numerous pending, felony criminal charges filed against them in the Oklahoma County District Court. <www.oscn.net> (docket sheets for Case No. CF-2003-118, State of Oklahoma v. Rickke Leon Green, et al.; Case No. CF-2004-2588, State of Oklahoma v. Rickke Leon Green; Case No. CF-2005-1510, State of Oklahoma v. Rickke Leon Green; Case No. CF-2004-4030, State of Oklahoma v. Danyale Lamont McCollough; Case No. CF-2004-5039, State of Oklahoma v. Danyale Lamont McCollough; Case No. CF-2003-4623, State of Oklahoma v. William Charles Payne; Case No. CF-2004-972, State of Oklahoma v. William Charles Payne; Case No. CF-2004-29, State of Oklahoma v. Jamey Lashan Patton; Case No. CF-2003-834, State of Oklahoma v. Wilbur Gregg Colston; Case No. CF-2003-1562, State of Oklahoma v. Wilbur Gregg Colston; Case No. CF-2003-2241, State of Oklahoma v. Wilbur Gregg Colston; Case No. CF-2004-3114, State of Oklahoma v. Wilbur Gregg Colston; Case No. CF-2005-422, State of Oklahoma v. Robert Lamont Foster, et al.; Case No. CF-2004-300, State of Oklahoma v. Stacey Leshawn Hemphill; Case No. CF-2004-591, State of Oklahoma v. Stacey Leshawn Hemphill; Case No. CF-2004-1070, State of Oklahoma v. Stacey Leshawn Hemphill, et al.).

It has long been the policy of federal courts to avoid interference with pending state criminal prosecutions, except in narrow circumstances where irreparable harm is demonstrated. Younger v. Harris, 401 U.S. 37 (1971). The Younger doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." Phelps v. Hamilton, 122 F.3d 885, 889

(10th Cir. 1997).  Under the doctrine established in Younger, abstention is appropriate whenever there exists (1) ongoing state proceedings, (2) which implicate important state interests, (3) wherein the state court affords an adequate forum to present the applicant's federal constitutional challenge(s). Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Taylor v. Jaquez, 126 F.3d 1294, 1296 (10th Cir. 1997), cert. denied, 523 U.S. 1005 (1998); Phelps v. Hamilton, 59 F.3d 1058, 1063-1064 (10th Cir. 1995).  If these three conditions are met, Younger abstention is not discretionary absent extraordinary circumstances. Seneca-Cayuga Tribe of Oklahoma v. State of Oklahoma ex rel. Thompson, 874 F.2d 709, 711 (10th Cir. 1989).

There are ongoing state proceedings concerning the criminal charges filed against Petitioners.  Petitioners have an adequate forum to litigate their constitutional claims in a direct appeal should they be convicted. See Okla. Stat. tit. 22, §1051 (direct appeal). Moreover, Oklahoma has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts.

"It is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps, 122 F.3d at 889 (quoting Phelps, 59 F.3d at 1066).  See Perez v. Ledesma, 401 U.S. 82, 85 (1971)("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.").

Petitioners contend that they are unable to raise the issues raised herein in the state courts.  However, in the pending criminal cases involving Petitioner Hemphill, Petitioner filed an "Application to Dismiss [based on] Denial of Counsel Representation" in which Petitioner Hemphill raised the same issues he seeks to raise herein. <www.oscn.net> (docket sheets in Case Nos. 04-300, 04-0591, and 04-1070).  The trial court set the matter for hearing at the same time as Petitioner's preliminary hearing.  Petitioner Rickke Green also filed an "Application to Dismiss [due to] Denial of Counsel Representation at Arraignment" in one of the criminal matters filed against him. <www.oscn.net> (docket sheet in Case No. CF-2004-2588).  Petitioners have not alleged that any state officials have acted without "any expectation of securing valid convictions" or that a statute is being applied in a criminal prosecution that is clearly unconstitutional. Younger, 401 U.S. at 48, 53-54.  If Petitioners believe that they have been denied their Sixth Amendment right to counsel at their initial appearances or that they have been denied other procedural rights during that proceeding, they have the opportunity to raise the issues in the state courts following conviction, should they be convicted.  Because their allegations do not present the "extraordinary circumstances" that create an exception to the Younger abstention doctrine, this Court should abstain from interfering in the ongoing state court criminal proceedings and decline to address the merits of the issues prematurely raised by Petitioners herein.  See Kugler v. Helfant, 421 U.S. 117, 124-125 (1975)(holding that the "extraordinary circumstances" contemplated by Younger as warranting intervention in state criminal proceedings "must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate

5

federal equitable relief, not merely in the sense of presenting a highly unusual factual situation").

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 be DENIED. It is further recommended that Petitioners' Application for Class Certification and Application for Appointment of Counsel be DENIED as moot. Petitioners are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by __May 30th__, 2005, in accordance with 28 U.S.C. §636 and LCvR 72.1. The Petitioners are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this __10th__ day of __May__, 2005.

*[Signature]*

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE